STATE, *ex rel.* JOHN K. McDEARMON, v. THE AUDITOR OF PUBLIC ACCOUNTS.

*Fees.*—The act of January 25, 1861, (Acts 1860–61, p. 31,) in relation to fees, was not repealed by the act of March 28, 1861, (Acts 1860–61, p. 30.)

*Application for Mandamus.*

Application for a mandamus against William S. Mosely, Auditor Public Accounts, to compel him to audit and allow an account of the relator for making out a copy of the tax book of St. Charles county, for 1861, at the rate of ten cents per hundred words. The auditor appeared and waived the preliminary rule, and the cause was submitted to the court.

*Orrick,* for relator.

I. The act entitled " An act amendatory of an act to amend ' An act to regulate fees,' " approved March 28, 1861, revived that portion of the original act, approved December 5, 1855, which entitle county clerks to ten cents per hundred words for copying tax lists for the year 1861. (See Acts of 1860–61, p. 30 ; R. C. 1855, p. 760 ; Acts of '56–7, p. 63 & 103 ; act of Dec. 14, 1859, p. 89 ; act of Jan. 25, 1861, p. 31 ; Act of March 27, 1861, p. 69.)

Attorney General *Welch,* for respondent.

I. The 6th section of the " Act to regulate fees," approved December 5, 1855, R. C. 1855, p. 760, allowed county clerks *ten* cents per hundred words for making out the tax book.

II. So much of the 6th section of the act of 1855, as regulated the compensation of county clerks for making out the tax books, was repealed by the 6th and 7th sections of Art. VII. of the act of November 23, 1857. (Sess. Acts 1857, Adj. Sess., p. 75 ; Harris v. Buffington, 28 Mo. 53.)

III. Sections 6 and 7 of Article VII. of the act of November 23, 1857, were themselves repealed by the act of December 14, 1859, (Acts 1859–60, p. 89,) but this did not operate

to restore the act of 1855.   (R. C. 1855, p. 1021, art. 3, § 1.) Clerks were left without any compensation for this service.

IV. The act of Jan. 25, 1861, (Sess. Acts 1860–1, p. 30,) remedied this oversight, and clerks were allowed *five* cents per hundred words for making out the tax book, and under this act defendant is ready and willing to audit and allow the claim of plaintiff.

V. The act of February 12, 1857, only repealed the 9th and 10th sections of the act of 1855, but this act was partially repealed by the act of March 28, 1861 and the original act of December 5, 1855, was revived and declared to be in full force.

A proper construction of this phraseology is the only matter now in controversy.   The fees of the clerk for making out the tax book were not regulated by either the 9th or 10th sections of the act of 1855, but by the 6th section of that act.

The act of February 12, 1857, only repealing two certain sections of the act of 1855—sections 9 and 10—and reviving the act of 1855, can only be construed as reviving the two sections thus repealed.   The remainder of the act of 1855 not having been repealed, needed no reviving.

DRYDEN, Judge, delivered the opinion of the court.

This is an application for a mandamus to require Mosely, who is Auditor of Public Accounts, to audit and allow an account for two hundred dollars for the services of McDearmon, who is clerk of the St. Charles County Court, in copying the tax book of 1861 for that county, containing two hundred thousand words and figures.   The auditor admits the performance of the services, and is willing to allow for the same the sum of one hundred dollars, which is at the rate of five cents per hundred words ; but the clerk demands ten cents per hundred, insisting that is the rate allowed by law for the service.

It is argued by Mr. Orrick, counsel for McDearmon, but controverted by Attorney General Welsh, that the act of 25th January, 1861, (Laws Mo., 1860–61, p. 31,) which give

*five* cents per hundred words for this service, was repealed by the amendatory act of March 28, 1861, and that the latter act revived the 6th section of the act of December 5, 1855, (R. C. 1855, p. 758,) which prescribes ten cents as the compensation. The question in the case involves the proper construction of the 1st section of the. act of March 28, as follows:

"§ 1. That so much of an act entitled 'An act to amend an act entitled an act.to regulate fees,' approved February 12, 1857, as applies to the clerks of the Circuit Courts, County Courts and Common Pleas Courts of this State, and the clerks of the Criminal Court, Land Court and Law Commissioner's Court of St. Louis, and the secretary of the Board of County Commissioners of St. Louis county, be and the same is hereby repealed, and the original act, approved February 5, 1855, to which said act is amendatory, is hereby revived and declared to be in full force." (Laws of Mo., 1861, p. 30.)

The last paragraph of the section taken by itself would justify the proposition of Mr. Orrick, that the whole of the act of December 5, including the 6th section, was intended to be revived and put in force; and if so, it being repugnant to, repealed the act of January 25; but this position is met and overturned by the words of the repealing branch of the section which declares "that so *much* of an act, &c., as applies to certain clerks " is hereby repealed," leaving the irresistible inference that some part of the law affected by the repealing act was meant to remain in force. The 9th and 10th sections of the law of December 5, (*not December* 6,) which prescribed the fees of clerks of the Supreme Court, Circuit Court, &c., for services *in civil actions*, were repealed by the act of February 12, 1857, and a new table for fees for the same services was established by the last named act. (Laws of Mo. 1856–7, p. 63.) The whole purpose and scope of the act under consideration was to abolish this table of fees, except so far as it related to clerks of the Supreme Court, and in lieu thereof to re-adopt the table prescribed

in the 9th and 10th sections before repealed, and not to re-
vive the 6th section, which related to a totally different kind
of service—*county business*—and which was evidently not in
the mind of the legislature. The act of January 25, then,
was not repealed, but was the law governing the compensa-
tion for the services claimed.

Mandamus refused, the other judges concurring.